IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE: )
    Carl D. O'Neal ) Case No.: 13-83224-JAC-13
    xxx-xx-9429 )
     ) Chapter 13
    Debtor, )

## MOTION TO STRIKE WITHDRAWAL OF CLAIM
## FILED BY WEINSTEIN, PINSON & RILEY, P.S.

    COMES NOW the Debtor herein, by and through counsel, and moves this Court pursuant to Rule 9014(a) of the Federal Rules of Bankruptcy Procedure to strike the Withdrawal of Proof of Claim filed by Weinstein, Pinson & Riley, P.S. in the above-captioned matter. In support of such motion, Debtor shows as follows:

1.     The Debtor filed for bankruptcy protection under Chapter 13 on or about October 18, 2013.

2.     On or about January 10, 2014, Weinstein, Pinson & Riley, P.S. (the "claimant") filed a proof of claim alleging that the Debtor owed $1,482.23, stemming from an alleged account with Capital One/Ophrys, LLC/Altair OH XIII, LLC.

3.     The Debtor's Chapter 13 Plan was confirmed by this Court on January 23, 2014.

4.     On October 9, 2014, the claimant filed a letter purporting to withdraw the proof of claim previously filed in this matter. (Doc. 30).

5.     To date, the claimant has received $8.30 from the Debtor's bankruptcy estate on its claim.

6.     Under Rule 3006 of the Federal Rules of Bankruptcy Procedure, once a claimant has "participated significantly" in the Debtor's bankruptcy case, the claimant may not withdraw their claim except on order of the court after a hearing and notice. In such situations, the order of the court allowing such withdrawal shall contain such terms and conditions as the court deems just and proper. Fed. R. Bankr. P. 3006.

7.     A claimant participates significantly in a bankruptcy case when the claimant accepts a dividend from the Debtor's bankruptcy estate. *See* Fed. R .Bankr. P. 3006 advisory committee's note (citing 3 Collier, Bankruptcy ¶ 57.12 205 -206 (1964)) (2014).

8.     In this case, the claimant has accepted a dividend from the Debtor's bankruptcy estate and therefore may not withdraw its claim as of right.

9.     This Court should strike the claimant's Withdrawal of Proof of Claim since there clearly must be notice and a hearing under Rule 3006 of the Federal Rules of Bankruptcy Procedure before the Court may consider issuing an order allowing a withdrawal of claim.

WHEREFORE, the Debtor prays this Court for the following relief:

1. That the attempted Withdrawal of Proof of Claim filed by Weinstein, Pinson & Riley, P.S. be stricken under Rule 3006 of the Federal Rules of Bankruptcy Procedure; and

2. That Weinstein, Pinson & Riley, P.S. be ordered to pay to counsel for the Debtor a reasonable attorney's fee as authorized under the general power of the Court as set forth in 11 U.S.C. § 105(a);

3. That this Court retain jurisdiction over this matter and all parties hereto; and

4. For such other and further relief as this Court deems just and proper.

Respectfully submitted this the 19th day of November, 2014.

    */s/ Ronald C. Sykstus*
Ronald C. Sykstus
Amy K. Tanner
James W. Ezzell, Jr.
Kathryn V. Davis
Attorneys for Debtor

OF COUNSEL:
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon the following **Altair OH XIII, LLC, c/o Weinstein, Pinson & Riley, P.S., Attn: Max Zaleski, Claim Signatory and Representative of Altair OH XIII, LLC, 2001 Western Avenue, Ste. 400, Seattle, WA 98121 and Michael Ford, Chapter 13 Trustee**, by depositing a copy of the same in the United States mail, properly addressed and adequate postage thereon this the 19th day of November, 2014.

    /s/ Ronald C. Sykstus
OF COUNSEL